UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL S. PINTO, individually and as the
parent and natural guardian of John Doe,
an infant,

        Plaintiff,

    v.

LAKE SHORE CENTRAL SCHOOL
DISTRICT, et al.,

        Defendants.

23-CV-977-LJV-MJR
DECISION & ORDER

---

On August 11, 2023, the plaintiff, Paul S. Pinto, individually and as the parent and natural guardian of John Doe, an infant, commenced this action *pro se* in New York State Supreme Court, Erie County.[1] Docket Item 1-2. Pinto asserted claims under 42 U.S.C. §§ 1983 and 1985 and New York State law against the Lake Shore Central School District ("Lake Shore") as well as the Town of Evans and the Towns of Evans Police Department (collectively, the "Town of Evans defendants"). Docket Item 1-2. After the defendants removed this case to federal court,[2] Docket Item 1, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 5.

---

[1] Pinto subsequently retained an attorney to represent him both individually and as Doe's parent and natural guardian. Docket Items 12, 13, and 14; Docket Item 22 at 1 n.1.

[2] The case initially was assigned to United States District Court Judge John L. Sinatra, Jr.; after he recused himself on December 2, 2024, it was reassigned to this Court. *See* Docket Item 23.

On September 22, 2023, the Town of Evans defendants moved to dismiss, Docket Item 3; about one month later, Lake Shore did the same, Docket Item 11. Pinto responded to both motions, Docket Item 14, and the defendants then replied, Docket Item 15 (Town of Evans defendants' reply); Docket Item 20 (Lake Shore's reply). On September 20, 2024, Judge Roemer issued a Report and Recommendation ("R&R") finding that the defendants' motions should be granted. Docket Item 22. The parties did not object to the R&R, and the time to do so now has expired. *Id.*; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant the defendants' motions.

For the reasons stated above and in the R&R, the defendants' motions to dismiss, Docket Items 3 and 11, are GRANTED. The Clerk of the Court shall close this case.

SO ORDERED.

Dated:  December 6, 2024
        Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE